UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARLETHA STINER, | ) | CASE NO. 1:05 CV 2888 |
| Plaintiff, | ) ) | JUDGE ANN ALDRICH |
| v. | ) ) | |
| CLEVELAND POLICE DEPARTMENT, et al. | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On December 14, 2005, plaintiff pro se Carletha Stiner filed this in forma pauperis action against the Cleveland Police Department and the City of Cleveland. The complaint alleges plaintiff was issued "erroneous" traffic tickets by two Cleveland Police officers, which were later dismissed. Plaintiff was nevertheless incarcerated for probation violations. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989);

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.
(continued...)

1

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Governmental entities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

Even liberally construed, the complaint does not contain allegations reasonably suggesting that defendants established policies or customs resulting in the violation of plaintiff's constitutional rights. See Salehpour v. University of Tennessee, 159 F.3d 199, 206 (1998)(liability must be based on more than right to control employees).

Accordingly, the request to proceed in forma pauperis is

---

(...continued)
McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

granted and this action is dismissed under section 1915(e).

Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE


**Dated: January 26, 2006**